IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TED A. McCRACKEN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DAIMLER CHRYSLER MOTORS | : | |
| COMPANY LLC, et al., | : | |
| Defendants | : | No. 07-2202 |

**MEMORANDUM AND ORDER**

GENE E.K. PRATTER, J.                                                          APRIL 2, 2008

Ted A. McCracken was diagnosed with thyroid cancer in 2005 and now seeks damages

based on his allegation that vehicles made by Defendant Chrysler Motors LLC ("Chrysler

Motors")[1] did not contain the protections necessary to prevent his exposure to dangerous levels

of radiation when traveling at speeds in excess of 65 miles per hour.  With the filing of his

Complaint *pro se*, Mr. McCracken maintains that exposure to radiation while driving and riding

in cars at highway speeds caused his cancer.  He invokes the Court's diversity jurisdiction.[2]

----

[1]Chrysler Motors LLC is formerly DaimlerChrysler Motors Company LLC, which is formerly DaimlerChrysler Motors Corporation.

[2]At this juncture, there remains some ambiguity in the Complaint as to Mr. McCracken's citizenship at the time of filing.  He states that he "has resided principally in the eastern district [sic] of Pennsylvania over the past ten (10) years and prior to that spent approximately thirty-three (33) years in New York State...."  Complaint ¶ 1.  However, Mr. McCracken lists for himself a Delaware address in his filings, including, most particularly, the signature line in his Complaint.  Thus, the Court's docket shows a Wilmington, Delaware address for Mr. McCracken.  Dockets in four other cases filed by Mr. McCracken at or about the same time he filed the instant case likewise show various Delaware addresses for Mr. McCracken: one in Wilmington, one in Bear, and one in New Castle.  See, Civil Action Nos. 07-2018, 07-2019, 07-2038, 07-2039.

Defendants Thomas LaSorda and Chrysler Motors both challenge some or all portions of Mr. McCracken's Complaint pursuant to Rule 12(b)(6).[3]  Mr. LaSorda asserts that the Court must dismiss all claims against him because a corporate officer cannot be held liable for alleged torts committed by the corporate employer simply by virtue of his office.  Chrysler Motors asks the Court to dismiss Mr. McCracken's claims for attractive nuisance (Count II), breach of the implied warranty of merchantability (Count IV), and misrepresentation (Count V).[4]  Chrysler Motors argues that (1) Mr. McCracken fails to state an attractive nuisance claim; (2) the claim for

---

If the parties and the Court were to gather complete information to remove the arguable ambiguity, it may well be that there is no diversity jurisdiction in this case.  However, Defendants did not challenge Mr. McCracken's citizenship and claim of diversity, and the Court will not address the issue at this time because of the possible ambiguity in the Complaint.  The Court may, however, at any time raise the issue of jurisdiction and is likely to do so in the near future.  See, n. 11, infra.

In addition, the Court notes that the caption in Mr. McCracken's Complaint appears to include a one word possible name, "Enterprise."  In the Complaint, the only reference to any "Enterprise" appears in Paragraph 17 concerning "Enterprise Rentals."  No allegation of wrongdoing by any "Enterprise" appears in the Complaint, and no location or other information for purposes of possibly serving "Enterprise" has been provided by Mr. McCracken.  According to the docket, it appears that no "Enterprise" has been served with the Complaint in this action, and Mr. McCracken has expressed no concern or question about such lack of service.  Because the Court's present Memorandum and Order does not dispose of the entire case, the Court at this time will not address the status or non-status of "Enterprise."

[3]On October 19, 2007, the Court granted Plaintiff McCracken's Motion for Enlargement of Time to File Opposition to Defendants' Motions to Dismiss (Docket No. 14), then giving him 45 days from the date of the Order (Docket No. 15) to file his opposition, if any.  Plaintiff McCracken neither filed any opposition nor requested an additional enlargement of time.  However, due to the accommodations the Court typically affords pro se plaintiffs, on February 12, 2008, the Court sua sponte granted Plaintiff McCracken another opportunity to file his opposition, giving him another 30 days from the date of that Order (Doc. No.16) to file his opposition, if any.  Plaintiff McCracken failed to file an opposition, so the Court now addresses Defendants' Motions as unopposed.

[4]Chrysler Motors does not challenge Mr. McCracken's claims under a strict liability theory (Count I) or a negligence theory (Count III).

breach of the implied warranty of merchantability is barred by the applicable statute of limitations; and (3) Mr. McCracken fails to plead the elements necessary to state a claim for misrepresentation.

For the following reasons, the Court will grant Defendants' Motions.

## I. Legal Standard

To decide a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

## II. Factual Background

Mr. McCracken alleges that he was diagnosed with thyroid cancer on May 19, 2005 and that based upon "several medical treatises consulted, the only known cause of thyroid cancer is radiation exposure of the type and quantity generated, propelled and released at the numerous U.S. nuclear facilities throughout the country." Complaint ¶ 16. He further alleges that his thyroid cancer can be attributed to his use of Chrysler Motors' vehicles in the 40 years prior to his May 19, 2005 cancer diagnosis because he has measured the gamma radiation in Chrysler

Motors' vehicles and has determined "that the low level of radiation normally measured in the ambient air multiples [sic] exponentially when traveling at speeds up to 65-70 mph." Id. ¶ 17. Mr. McCracken contends that because the level of radiation in the ambient air transitions from safe to dangerous when driving at highway speeds, Chrysler Motors should have designed and manufactured its vehicles with "Lucite glass, or lead shielding in the front of the vehicle so to avoid [the driver or passenger from] receiving the blunt force of the radiation." Id. ¶ 19.

Specifically, Mr. McCracken asserts that he was exposed to excess radiation in his grandfather's Chrysler Motors cars as well as his own vehicles. His grandfather owned at least four Chrysler Motors vehicles during Mr. McCracken's childhood, and Mr. McCracken purchased a 1965 Plymouth convertible and a 1960 Plymouth four-door sedan from a private party in New York in or around May 1972.

Mr. McCracken asserts claims of strict liability, negligence, attractive nuisance, breach of warranty of merchantability, and misrepresentation. He has named Thomas LaSorda as a defendant,[5] apparently because Mr. LaSorda formerly was the Chief Executive Officer of Chrysler Motors.[6] Plaintiff also includes certain limited "John Doe" allegations, using that designation for the Chrysler Motors vice-presidents for marketing and engineering.

---

[5]The Complaint alleges that Mr. "LaSorda is the CEO of Daimler Chrysler Motors Corporation." Complaint ¶ 9. Plaintiff avers that Mr. LaSorda "is responsible for the operation and management" of the company, as well as for "training and supervision of the managerial, engineering personnel, design and structure of its motor vehicles sold." Id.

[6]See, n.7, infra (detailing Mr. LaSorda's explanation of his tenure as Chief Executive Officer of Chrysler Motors).

**III. Discussion**

**A. Claims Against Thomas LaSorda**

Mr. LaSorda maintains that Mr. McCracken has failed to allege that he knowingly participated in any wrongful acts, and, because the Complaint contains no allegations of overt acts by Mr. LaSorda with respect to any of the claims set forth, all claims against Mr. LaSorda must be dismissed.

Under Pennsylvania law, corporate officers cannot be held liable for the alleged torts committed by the corporation simply by virtue of their offices.  See, Chester-Cambridge Bank & Trust Co. v. Rhodes, 346 Pa. 427, 432 (1943) ("[A] director or officer of a corporation may have personal liability for damages suffered by third persons when he knowingly participates in a wrongful act....But where, as in this case, directors or officers are charged with nonfeasance, no individual liability attaches.") (citations omitted); Donsco, Inc. v. Casper Corp., 587 F.2d 602, 606 (3d Cir. 1978) (applying Pennsylvania law).  In Pennsylvania, a corporate officer may be held liable only under the "participation theory" of liability.  Accordingly, liability "attaches only where the corporate officer is an actor who participates in the alleged wrongful acts."  Wicks v. Milzoco Builders, Inc., 503 Pa. 614, 621-22 (1983).

In Chester-Cambridge Bank & Trust, the Pennsylvania Supreme Court explained the rule in Pennsylvania respecting liability of corporate officers for injuries suffered by third persons. Suit was brought against Samuel Rhodes and the estate of his father, Frank Rhodes, for a breach of a duty of trust owed by a corporation while Frank Rhodes was its president and Samuel Rhodes was its vice president.  The court held that the individual defendants were not personally liable for the corporation's misconduct because they had no knowledge of the breach and did not

participate in it.  The court exonerated the president from liability as follows:

> The fact that Frank Rhodes was president of the corporation, and, as such, charged with general supervision of its affairs, does not serve to make him liable for the misconduct of other officers merely by virtue of his office....The president of the corporation is an agent of very extensive, but not unlimited, powers.  He is not personally liable because of his official capacity, any more than are the directors or stockholders, for torts committed by the corporation, in the absence of personal participation in the tortious act.

Chester-Cambridge Bank & Trust, 346 Pa. at 432-33 (citations omitted).  Accordingly, a plaintiff seeking to hold a corporate officer liable for the alleged wrongful acts of the corporation must include in the complaint allegations that the corporate officer was an active and knowing participant in the alleged tortious activity.  U.S. v. Wolk, 1995 U.S. Dist. LEXIS 580, at *14 (holding that the plaintiff must allege misfeasance, not simple nonfeasance).  Allegations that a corporate officer was charged with the general supervision of a corporation's affairs are insufficient to hold a corporate officer individually liable.  Id.  Failure to allege that a corporate officer was an active participant as required under the "participation theory" will result in dismissal of a complaint for failure to state a claim.  Id.

In this action, Mr. McCracken has sued Mr. LaSorda only in his capacity as the company CEO.[7]  To survive dismissal, the Complaint must allege that Mr. LaSorda was an active participant in the alleged tortious activity.  In his Complaint, Mr. McCracken specifically asserts

---

[7]Mr. LaSorda asserted that he did not become CEO of Chrysler Motors until September 2005, four months after Mr. McCracken allegedly was diagnosed with thyroid cancer, Defendant LaSorda's Motion to Dismiss at 5, and he no longer holds the position.  Id. at 1.  Accordingly, Mr. LaSorda argues that Mr. McCracken can allege no facts to show that "Mr. LaSorda was a knowing and active participant in alleged tortious activity spanning the forty (40) years of manufacturing before his cancer diagnosis."  Id. at 5.  However, because this information comes from a filing other than Mr. McCracken's Complaint, under Rule 12(b)(6), the Court cannot consider it when deciding Defendants' Motions to Dismiss.

fault on the part of Chrysler Motors within his claims for strict liability, attractive nuisance, breach of warranty of merchantability, and misrepresentation.  See, Complaint ¶¶ 18, 24, 29, 42. He also asserts fault on the part of "the engineers of Daimler Chrysler Motors Company" in his attractive nuisance claim.  But nowhere in the Complaint – even read generously in light of Plaintiff's *pro se* status – does Mr. McCracken allege any active participation by Mr. LaSorda in the alleged activity forming the basis for Mr. McCracken's claims of strict liability, attractive nuisance, breach of warranty of merchantability, or misrepresentation. Accordingly, these claims against Mr. LaSorda must be dismissed.

Mr. McCracken's negligence cause of action arguably requires separate consideration. Mr. McCracken specifically mentions Mr. LaSorda in the negligence claim. See, Complaint ¶ 26 ("Defendant(s) Daimler Chrysler Motors Company, TOM LaSORDA, JOHN DOE, JOHN DOE I were grossly negligent, exhibiting deliberate indifference in the manufacture, design, assembly, distribution and sale of the vehicle and its components.") The participation theory described above is equally applicable in a negligence claim setting, and under that analysis, "a corporate officer can be held liable for 'misfeasance,' *i.e.*, the improper performance of an act, but not for 'mere nonfeasance,' *i.e.*, the omission of an act which a person ought to do." Bridley v. Woodland Village Restaurant, 438 Pa. Super. 385, 391 (1995).  Mr. McCracken asserts that Mr. LaSorda failed to appropriately design the vehicles, failed to warn of potential dangers, failed to give instructions regarding safe use and maintenance of the vehicles, and failed to test and inspected the vehicles properly.  Complaint ¶ 27.  Accordingly, by a fair reading of the Complaint, Mr. McCracken asserts only nonfeasance by Mr. LaSorda.  Nonfeasance is not sufficient to support a claim against a corporate officer under Pennsylvania's participation theory.

For the foregoing reasons, the Court will dismiss all claims against Mr. LaSorda.[8]

## B. Claims Against Chrysler Motors

### i. Attractive Nuisance (Count II)

Mr. McCracken asserts an attractive nuisance cause of action.[9]  He argues that Chrysler

Motors manufactured and marketed "attractive nuisances," namely, increasingly fast, powerful

and maneuverable vehicles.  Complaint ¶ 24.  Mr. McCracken maintains that these attractive

nuisances are the proximate cause of his cancer.  Mr. McCracken's attempt to use this theory here

is not viable.

"The child trespasser exception, also known as the attractive nuisance doctrine, is limited

to instances in which children unlawfully enter or remain on land." Estate of Zimmerman v.

---

[8]For the same reasons that the Court will dismiss the claims against Mr. LaSorda for strict liability, negligence, breach of warranty of merchantability, and misrepresentation, the Court also will dismiss those four claims against John Doe (Vice President, Marketing, Daimler Chrysler Motors Company LLC) and John Doe (Vice President, Engineering, Daimler Chrysler Motors Company LLC).  But see, n. 9, infra (discussing the claim for attractive nuisance).

Although Mr. McCracken has not identified these two defendants by name, his Complaint has the same flaws trying to assert claims against these corporate officers as undercut his claims against Mr. LaSorda.  Mr. McCracken does not allege misfeasance on the part of the John Doe defendants.  Nowhere in the Complaint does Mr. McCracken allege any active participation by the John Doe defendants in the alleged tortious activity forming the basis for his claims of strict liability, breach of warranty of merchantability, or misrepresentation.  Even in his negligence claim, where he specifically mentions the John Doe defendants, Mr. McCracken asserts only a failure to act as the basis for his claim for negligence.  Accordingly, because nonfeasance is not sufficient to support a claim against a corporate officer under Pennsylvania's participation theory, see, Bridley, supra, the Court dismisses Mr. McCracken's claims against the John Doe defendants for strict liability, negligence, breach of warranty of merchantability, and misrepresentation.

[9]Although not stated expressly in the Complaint, by virtue of an indulgent reading of the substance of this Count, Mr. McCracken may intend this Count to be against the corporate defendant and the two John Doe defendants.  See, Complaint ¶¶ 22, 24.

SEPTA, 168 F.3d 680, 688 (3d Cir. 1999).  The doctrine imposes liability on landowners for injuries to child trespassers caused by "Artificial Conditions Highly Dangerous to Trespassing Children."  See, Restatement (Second) of Torts § 339; Thompson v. Reading Co., 343 Pa. 585 (Pa. 1942) (adopting § 339).  See also, Cousins v. Yaeger, 394 F. Supp. 595 (E.D. Pa. 1975).

Mr. McCracken's Complaint is completely devoid of any allegations that he was injured by an artificial condition on land while he was a "child trespasser."  Accordingly, the Court will dismiss this claim *in toto* as to all defendants.

### ii. Breach of Implied Warranty of Merchantability

Mr. McCracken asserts a claim against Chrysler Motors for breach of the implied warranty of merchantability.  Mr. McCracken states: "When defendant designed and manufactured the vehicle there was an implied warranty that the vehicle(s) could be operated without causing catastrophic injury, including but not limited to thyroid cancer, lymphoma, leukemia, genetic destruction."  Complaint ¶ 29.

Chrysler Motors argues that the statute of limitations applicable to a claim for breach of the implied warranty of merchantability ran before Mr. McCracken filed his lawsuit. Pennsylvania law provides a four year limitations period for breach of the implied warranty of merchantability claims. See, 13 Pa. C.S. §§ 2725 (a), (b).[10]  The statute of limitations period

---

[10]In his Complaint, Mr. McCracken states that he seeks "to recover damages to which he is entitled under the laws of the State of Pennsylvania, New York and Delaware...."  Complaint ¶ 2.  New York law and Delaware law, like Pennsylvania law, provide a four year statute of limitations for breach of implied warranty of merchantability actions.  These statutes of limitations are not tolled by the tort discovery rule.  See, e.g., Heller v. U.S. Suzuki Motor Corp., 64 N.Y.2d 407, 410-12 (N.Y. 1985); Dalton v. Ford Motor Co., 2002 Del. Super. LEXIS 132, at *14-15 (Del. Super. Ct. 2002).

begins to run at the time of the tender or sale of the allegedly defective product and not at the time the breach is discovered or an injury occurs.  See, 13 Pa. C.S. § 2725.  See also, Nationwide Ins. Co. v. General Motors Corp., 533 Pa. 423, 427 (1992) ("[A] breach of warranty action accrues on, and suit must be filed within four years of, the date the seller tenders delivery of the goods, even if the breach is not apparent until after delivery has been tendered.")  The tort discovery rule does not apply to breach of warranty actions so as to permit a tolling of the statute of limitations from the date the injury is discovered.  Nationwide, 533 Pa. at 434.  Although the Federal Rules of Civil Procedure indicate that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion, "an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994).

In this action, Mr. McCracken alleges in his Complaint that he purchased two Chrysler Motors' vehicles during the past 40 years.  Specifically, he asserts that in 1972 he purchased a 1965 Plymouth convertible and a 1960 Plymouth sedan from private parties in New York. Complaint at  ¶¶ 5, 6.  He also alleges that his grandfather purchased at least four Chrysler Motors' vehicles prior to Mr. McCracken's twenty-first birthday.  His grandfather purchased these vehicles new from Chrysler Motors' dealerships, and the cars included a 1966 Dodge sedan, a 1968 Plymouth Fury, and a 1968 Dodge pick-up truck.  Complaint ¶ 12.  Mr. McCracken does not specify in which state his grandfather purchased his Chrysler Motors' vehicles.

Thus, according to his own pleading, Mr. McCracken last purchased any Chrysler Motors'

---

Accordingly, even if the Court applied New York law or Delaware law in relation to the vehicles Mr. McCracken purchased in New York in 1972, the applicable statute of limitations period would be the same.

vehicle in 1972.  Accordingly, the statute of limitations on his claim for breach of the implied

warranty of merchantability expired in 1976.  Mr. McCracken did not file this action until June 4,

2007, though, roughly 30 years after the latest car purchase, and well beyond the applicable statute

of limitations.  Mr. McCracken's claim for breach of the implied warranty of merchantability is

time-barred and must be dismissed.

### iii. Omissions and False Misrepresentations of Merchanability (Count V)

Mr. McCracken asserts that Chrysler Motors "misrepresented the fact of their vehicles

being safe."  Complaint ¶ 43.  Specifically, Mr. McCracken alleges that Chrysler Motors has

presented "graphics and video to articulate their claim of safety" and has "further bolster[ed] their

corporate image...[by] regularly advertis[ing] their vehicles in NASCAR racing and other

television broadcasts without warning the consumer" of potential safety hazzards related to

radiation.  Id. ¶¶ 43, 44.  According to Plaintiff, Chrysler Motors should have warned consumers

that a "dosimeter should be used to monitor the ambient air before, during and after using their

vehicle which produces speeds in excess of one hundred miles per hour."  Id. ¶44.

Federal Rule of Civil Procedure 9(b) governs the pleading of special matters and, in

particular, mandates that "[i]n alleging fraud or mistake, a party must state with particularity the

circumstances constituting fraud or mistake."  The purpose of Rule 9(b) is to "place the

defendants on notice of the precise misconduct with which they are charged, and to safeguard

defendants against spurious charges of immoral or fraudulent behavior."  Seville Indust. Mach.

Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984).  See also, Q. Lum v. Bank of

Am., 361 F.3d 217, 223-24 (3d Cir. 2004).  "Rule 9(b)'s heightened pleading standard gives defendants notice of the claims against them, provides an increased measure of protection for their reputations, and reduces the number of frivolous suits brought solely to extract settlements." In re Burlington Coat Factory Sec. Litigation, 114 F.3d 1410, 1418 (3d Cir. 1997).

Under Rule 9(b), a plaintiff alleging fraud must plead: "(1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage." Shapiro v. UJB Fin. Corp., 964 F.3d 272, 284 (3d Cir. 1992) (citation omitted).  The misrepresentation must be "a misrepresentation of a past or present material fact." BMB Assocs. v. Ortwein, 1994 U.S. Dist. LEXIS 8866, at *4 (E.D. Pa. 1994). Accordingly, a complaint must provide the "who, what, when, where, and how: the first paragraph of a newspaper story would satisfy the particularity requirements." Sun Company, Inc. (R&M) v. Badger Design & Constuctors, Inc., 939 F.Supp. 365, 369 (E.D. Pa. 1996) (citation omitted).  A plaintiff thus may satisfy Rule 9(b) by pleading the  "date, place or time" of the fraud, or "through alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Seville Indus. Mach., 742 F.2d at 791.  In order to survive a motion to dismiss, the complaint must, at minimum, set forth the exact statement or actions that allegedly constitute the fraudulent misrepresentations.  Jordan v. SmithKline Beecham, 958 F. Supp. 1012, 1020 (E.D. Pa. 1997).

Here, the Court finds that Mr. McCracken's Complaint lacks the necessary particularity required by Rule 9(b).  Mr. McCracken seems to allege only that Chrysler Motors advertised its vehicles without warning of potential risks of radiation exposure when traveling at highway

speeds.  Examined in the most generous light, his Complaint asserts that Chrysler Motors misrepresented the safety of its cars to Mr. McCracken during his lifetime.  However, Mr. McCracken nowhere describes when he first saw these advertisements, whether he relied on them when purchasing his Chrysler Motors' vehicles, or how any such reliance was justified.  He also fails to allege that any statements about safety contained in representations made by Chrysler Motors were "made falsely with knowledge of [their] falsity or recklessness as to whether [the statements were] true or false."  See, Shapiro, 964 F.3d at 284.  The mere existence of advertisements and other media Mr. McCracken deems deceptive cannot support a claim for misrepresentation.  Accordingly, the Court also will dismiss this claim.

**IV. Conclusion**

For the reasons set forth above, Defendant LaSorda's Motion to Dismiss and Defendant Chrysler Motors' Motion to Dismiss both will be granted as requested, and all claims against the John Doe defendants will be dismissed, albeit all without prejudice in the event this *pro se* Plaintiff should endeavor to attempt to cure the shortcomings of his efforts to articulate a claim.[11]

An appropriate Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

[11]Before the Court will proceed with the remaining claims, however, the Court expects the parties to undertake promptly to clarify Plaintiff's citizenship as of the time of the filing of the Complaint so that a possibly necessary consideration of jurisdiction may be had.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TED A. McCRACKEN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DAIMLER CHRYSLER MOTORS | : | |
| COMPANY LLC, et al., | : | |
| Defendants | : | No. 07-2202 |

**ORDER**

AND NOW, this 2nd day of April 2008, upon consideration of Defendant Chrysler

Motors' Motion to Dismiss (Doc. No. 11) and Defendant LaSorda's Motion to Dismiss (Doc. No.

12) to which, despite several accommodations extended by the Court, Plaintiff did not respond, IT

IS HEREBY ORDERED that the Motions (Doc. Nos. 11 & 12) are GRANTED as set forth in the

accompanying Memorandum and, further, that all claims against the two John Doe defendants are

DISMISSED.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge