## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TED A. McCRACKEN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DAIMLER CHRYSLER MOTORS | : | |
| COMPANY LLC, et al., | : | |
| Defendants | : | No. 07-2202 |

### MEMORANDUM

GENE E.K. PRATTER, J.                                                      MAY 4, 2009

Pro se Plaintiff Ted A. McCracken, a prolific litigant in this[1] and other federal courts across the country, was diagnosed with thyroid cancer in 2005.  He seeks damages arising from his disease based on his allegation that vehicles made by Defendant Chrysler Motors LLC ("Chrysler Motors")[2] did not contain the protections necessary to prevent his exposure to dangerous levels of airborne radiation when traveling at speeds of 65-70 miles per hour.  Mr. McCracken maintains that exposure to radiation while driving and riding in cars at highway speeds during the 1960s and 1970s caused his cancer.

---

[1] The Court already has dismissed all of Mr. McCracken's claims against Defendant Thomas LaSorda and several John Doe Defendants as well as claims against Chrysler Motors for attractive nuisance, breach of the warranty of implied merchantability, and misrepresentation. See April 2, 2009 Memorandum and Order (Doc. No. 17).

[2] Chrysler Motors LLC is formerly DaimlerChrysler Motors Company LLC, which is formerly DaimlerChrysler Motors Corporation.
On May 1, 2009, Chrysler Motors filed with the Court a Notice of Suggestion of Bankruptcy (Doc. No. 32).  However, such notice does not affect the present evaluation of Mr. McCracken's claims.

-1-

Chrysler Motors now asks the Court to dismiss Mr. McCracken's only remaining claims – for strict liability and negligence – as being frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)[3] and due to Mr. McCracken's alleged failure to prosecute as required by Rule 41(b) of the Federal Rules of Civil Procedure.[4]

For the following reasons, the Court will grant Defendants' Motion.

**I. Legal Standard**

Mr. McCracken has been extended *in forma pauperis* status.  His financial status was his primary credential for the Court's initial consideration of his request in that regard.  The applicable statute, 28 U.S.C. § 1915(a), also mandates that "the court assesses the complaint under [§ 1915(e)] to determine whether it is frivolous."  Roman v. Jeffes. 904 F.2d 192, 194 N.1 (3d Cir. 1990).   Section 1915(e) states: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case *at any time* if the court determines that...the action or appeal...is frivolous or malicious."  (emphasis added).  "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when

---

[3] Mr. McCracken challenges the Court's present consideration of frivolity.  See Plaintiff's Memorandum/Affirmation in Support of Opposition to Defendant's Motion to Dismiss ("McCracken Response") at iii.  He asserts that consideration of a complaint under § 1915(e) should take place when an action is initially filed.  Id.  Although such consideration generally, and often most sensibly, occurs quite early in the litigation, the statute expressly allows for dismissal "at any time" if the court finds a complaint to be "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).  The fact that the Court elected to be particularly indulgent of Mr. McCracken's *pro se* status in order to extend to him the opportunity to try to articulate a viable claim should not be interpreted as a permanent free pass.

[4] Because Mr. McCracken's Complaint must be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the Court will not consider Defendant's arguments regarding any alleged failure to prosecute.

an indigent litigant's complaint is appropriate for summary dismissal.  Denton v. Hernandez, 504

U.S. 25, 33 (1992).  District courts "may dismiss as frivolous claims based on an indisputably

meritless legal theory and claims whose factual contentions are clearly baseless."  Roman, 904

F.2d at 194 (citing Neitzke v. Williams, 490 U.S. 319 (1989)).

        "In making its [frivolity] determination, the Court is not bound to accept without question

the truth of Plaintiff's allegations simply because they cannot be rebutted by judicially noticeable

facts."  Fields v. Garner, Civ. No. 08-5794, 2009 U.S. Dist. LEXIS 1887, at *3 (E.D. Pa. Jan. 5,

2009).  The Court has the "unusual power to pierce the veil of the complaint's factual allegations

and dismiss those claims whose factual contentions are clearly baseless."  Neitzke, 490 U.S. at

327.  "A district court can dismiss a claim as factually frivolous where 'the facts alleged rise to

the level of the irrational or the wholly incredible.'"  Jones v. Republican Nat'l Comm., Civ. No.

04-4973, 2004 U.S. Dist. LEXIS 23332, at *3 (E.D. Pa. Nov. 15, 2004) (quoting Denton v.

Hernandez, 504 U.S. 25, 33 (1992)).  Such is the case because "paupers filing *pro se* petitions are

not subject to the financial considerations-filing fees and attorney's fees-that deter other litigants

from filing frivolous petitions. Every paper filed [in a federal court], no matter how repetitious or

frivolous, requires some portion of the institution's limited resources."  In re McDonald, 489 U.S.

180, 185 (1989).


**II. Factual Background**

        Mr. McCracken alleges that he was diagnosed with thyroid cancer on May 19, 2005 and

that based upon "several medical treatises consulted, the only known cause of thyroid cancer is

radiation exposure of the type and quantity generated, propelled and released at the numerous

U.S. nuclear facilities throughout the country." Complaint ¶ 16(2).[5]  He further alleges that his thyroid cancer can be attributed to his use of Chrysler Motors' vehicles 30-40 years prior to his May 19, 2005 cancer diagnosis because he believes "that the low level of radiation normally measured in the ambient air multiples [sic] exponentially when traveling at speeds up to 65-70 mph." Id. ¶ 17.  Mr. McCracken contends that the level of radiation in the ambient air somehow transitions from safe to dangerous when driving at highway speeds.  Accordingly, he argues that Chrysler Motors should have designed and manufactured its vehicles with "Lucite glass, or lead shielding in the front of the vehicle so to avoid [the driver or passenger from] receiving the blunt force of the radiation." Id. ¶ 19.

Specifically, Mr. McCracken asserts that he was exposed to excess radiation in his grandfather's Chrysler Motors cars as well as his own vehicles.  His grandfather owned at least four Chrysler Motors vehicles during Mr. McCracken's childhood, and Mr. McCracken purchased a 1965 Plymouth convertible and a 1960 Plymouth four-door sedan from a private party in New York in or around May 1972.

Mr. McCracken has filed at least 13 similar complaints in the federal court system against various defendants, including United States presidents, airlines, energy companies, and other automobile manufacturers.  These complaints all allege that the activities of the widespread defendants exposed Mr. McCracken to radiation in the ambient air thus causing his thyroid cancer.  At least six of these cases have been terminated by the courts either as frivolous and

---

[5] Page 4 of Mr. McCracken's Complaint includes two paragraphs numbered "16." Accordingly, the Court will refer to the paragraphs as 16(1) and 16(2), in reference to the sequence in which they appear on the page.

malicious or for Mr. McCracken's failure to prosecute.[6]

## III. Discussion

### A. Jurisdiction

This Court has original jurisdiction over matters in which there is complete diversity of

citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C.

§ 1332.  An individual is a citizen of a state where he maintains his domicile, which is

determined as of the moment the complaint is filed.  Freepor-McMoRan, Inc. v. K N Energy, Inc.

498 U.S. 426, 428 (1991).  A person may be a citizen of only one state, Arins v. Hannum, 497 F.

Supp. 930, 942 (E.D. Pa. 1980), whereas a corporation can be a citizen of multiple states.  See 28

---

[6] See McCracken v. Continental Airlines, Civ. No. 97-57 (N.D.N.Y.) (filed Jan. 14, 1997) (dismissed as frivolous); McCracken v. Entergy Nuclear Indian Point, Civ. No. 08-2670 (E.D.N.Y.) (filed Aug. 1, 2008) (dismissed for failure to state a claim and untimeliness); McCracken v. Beryllium Int'l, Civ. No. 97-7484 (S.D.N.Y.) (filed Oct. 9, 1997) (dismissed as frivolous); McCracken v. Conoco-Phillips, Civ. No. 07-2039 (E.D. Pa.) (filed May 18, 2007) (dismissed for failure to plead); McCracken v. Exelon, Civ. No. 2038 (E.D. Pa) (filed May 18, 2007) (dismissed for lack of prosecution); McCracken v. General Electric, Civ. No. 08-2159 (E.D.N.Y.) (filed June 20, 2008) (dismissed for lack of subject matter jurisdiction and because the Complaint was "frivolous and malicious"); McCracken. v Brookhaven, Civ. No. 08-2642 (E.D.N.Y.) (filed June 23, 2008) (dismissed for failure to state a claim and untimeliness); McCracken. v Brookhaven, Civ. No. 08-2934 (E.D. Pa.) (filed June 23, 2008) (Plaintiff voluntarily dismissed); McCracken v. Exxon, Civ. No. 08-2932 (E.D. Pa.) (filed June 23, 2008) (pending); McCracken v. General Motors, Civ. No. 07-2019 (E.D. Pa.) (filed May 17, 2007 ) (motion to dismiss for lack of jurisdiction and frivolity granted as uncontested); McCracken v. Ford Motors, Civ. No. 07-2018 (E.D. Pa.) (filed May 17, 2007) (pending); McCracken v. Nine Mile Pont Nuclear Station, Civ. No. 08-520 (N.D.N.Y.) (filed May 20, 2008) (pending); McCracken v. R.E. Ginna Nuclear Power Plant, Civ. No. 08-6217 (W.D.N.Y.) (filed May 19, 2008) (pending) (All complaints are attached to Defendant's Motion to Dismiss as Exhibits L through X).  See also McCracken Response at iii (describing the types of defendants he has sued in relation to his alleged radiation exposure).

U.S.C. § 1332(c)(1).  For purposes of diversity, residency in a particular state is insufficient to establish citizenship.  Residency must be coupled with an intent to remain in the particular state indefinitely.  Krasnov v. Dinan, 465 F.2d 1298, 1301 (3d Cir. 1972).

Although in his Complaint Mr. McCracken claims residency in both Pennsylvania and New York, he maintains that he is a Pennsylvania citizen.  See Response, Ex. F at 11:18-21 (Sept. 15, 2008 McCracken deposition).  During his deposition, Mr. McCracken produced a Pennsylvania driver's license that expired in 2005, McCracken-3 (attached to Response, Ex. F), and he testified that he had a Pennsylvania driver's license when he filed this case, though it has since been suspended.  Response, Ex. F at 28:21-29:22.  Mr. McCracken has always kept his vehicles registered in Pennsylvania with Pennsylvania insurance issued through an insurance agent in the state.  Id. at 27:5-28:20.  Further, he operated a corporation out of the North Wales, Pennsylvania address provided to the Court.  Id. at 31:10-32:11.  In December 2006, six months before filing his Complaint in this action, Mr. McCracken was employed at a Shop Rite in East Norriton, Pennsylvania.  Id. at 33:16-34:15.  He is registered to vote in Pennsylvania.  Id. at 32:14-33:9.

Mr. McCracken testified in his deposition that the Wilmington, Delaware address he used in signing this Complaint was a privately owned mailbox which he rented.  Response, Ex. F at 12:2-6.  He was adamant that he "was not living at Concord Pike, because it is a post office box."  Id. at 20:11-13.

The information presented by Mr. McCracken during his deposition establishes that he was a Pennsylvania citizen when he commenced this case.  It is uncontested that Chrysler Motors is a Delaware corporation with its principal place of business in Michigan.  Mr. McCracken seeks

compensatory damages in excess of $960,000 and punitive damages of $86 million.

See Complaint at 9, 11.  Accordingly, the Court finds that diversity jurisdiction exists.

**B. Frivolousness**

Mr. McCracken maintains that the particular type of glass used by Chrysler Motors for its windshields in the 1960s and 1970s exposed him to radiation already in the ambient air, though only when he was traveling at highway speeds, and that such exposure caused his thyroid cancer some 40 years later.  See, e.g.,  Complaint ¶¶ 12, 16(1), 16(2)-20.  Mr. McCracken's allegation that being in a car traveling at speeds above 65 miles per hour somehow caused his cancer 40 years later is certainly difficult to comprehend.  When considered in relation to Mr. McCracken's contradictory prior admissions attributing his alleged radiation exposure to a laundry list of sources, the allegations in this Complaint are revealed to be completely frivolous.

Mr. McCracken's decades of litigation alleging radiation exposure and other variable harms include a number of assertions contradicting the allegations in this case.  In considering whether to dismiss a case as frivolous, a court may take note of court filings in other cases.  See Azubuko v. Mass. State Police, Civ. No. 04-4176, 2004 U.S. Dist. LEXIS 23053 (E.D. Pa. Nov. 12, 2004); In re Powell, 851 F.2d 427, 434 (D.C. Cir. 1988) ("Both the number and content of the filings bear on a determination of frivolousness or harassment.")  In McCracken v. Continental Airlines, Civ. No. 97-57 (N.D.N.Y.), Mr. McCracken alleged that he was exposed to radiation while a passenger in a Continental Airlines flight when the plane flew "directly into [a] beam of acutely hazardous ionized radiation," allegedly "emitted from particle accelerator

housed at Cornell University" in "lethal doses" visible to his naked eye.  Motion, Ex. L ¶¶ 1, 19.[7]
In <u>McCracken v. Entergy Nuclear Indian Point</u>, Civ. No. 08-2670 (E.D.N.Y.), Mr. McCracken
claimed that his cancer was caused by radiation exposure from "extraordinary nuclear
contamination" based on "multiple nuclear incident(s)" at Indian Point Nuclear facility in New
York that released airborne ions visible to the naked eye from December 1977 to December 1987
and "continuing unabated at least until the date of the filing of [the] complaint," June 23, 2008.
Motion, Ex. M ¶¶ 1, 15, 16.[8]  In <u>McCracken v. Beryllium Int'l</u>, Civ. No. 97-7484 (S.D.N.Y.), Mr.
McCracken asserted claims against more than 40 defendants, including United States Presidents
Ronald Reagan, George Bush, and Bill Clinton, alleging harm from earlier "nuclear" assaults
going back to 1981.  Motion, Ex. N ¶¶ 59-70.[9]  Such cases are only three examples of the many,
many cases Mr. McCracken has filed as a result of decades of alleged bombardment with
radiation.[10]

---

[7] This action was dismissed as frivolous.  <u>See</u> Civ. No. 97-57 (N.D.N.Y.), Doc. No. 3
(April 24, 1997 Order).

[8] This action was dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil
Procedure for failure to state a claim and because it was untimely.  The court held, in part, that
"McCracken's theory of injury cannot be squared with his numerous other lawsuits, uniformly
dismissed as frivolous, which attribute his thyroid cancer and other injuries to a plethora of other
nefarious sources."  Civ. No. 08-2670 (E.D.N.Y.), Doc. No. 31 (Dec. 19, 2008 Memorandum and
Order) at 2.

[9] This action was dismissed as frivolous "because it 'lack[ed] an arguable basis either in
law or in fact.'"  <u>See</u> Civ. No. 97-7484 (S.D.N.Y.), Doc. No. 1 (Oct. 9, 1997 Order of Dismissal).

[10] Mr. McCracken's present theory of injury cannot be reconciled with these (and other)
lawsuits, which attribute his thyroid cancer and other alleged injuries to a lengthy list of
alternative, risky sources.  On this basis alone, Mr. McCracken has failed "to state a claim for
relief that is plausible on its face," <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1995, 1969 (2007),
and, even were it not found frivolous, his case should be dismissed for failure to state a claim on
which relief can be granted, a second situation under which the Court must dismiss a case such at

Based on a careful evaluation of the complaint filed in this case and related court filings from this and other districts, the Court is convinced "that the facts alleged rise well beyond unlikely to the level of fanciful, fantastic, and wholly incredible." Nester v. Allen, Civ. No. 06-2817, 2006 U.S. Dist. LEXIS 51479, at *6 (E.D. Pa. July 26, 2006).  The Court cannot find a meritorious factual basis for this action.

**IV.     Conclusion**

For the reasons state above, the Complaint is therefore frivolous and will be dismissed. An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

the one at hand.  See 28 U.S.C. § 1915(e)(2)(B)(ii).